# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

**GABRIEL PAUL SALAS,**
**a.k.a. Gabriel Salas and**
**Gabriel Paul Salascio,**
**(Tarrant No. 0565059),[1]**

          **Plaintiff,**

**v.**                                                    **Civil No. 4:22-cv-0282-P**

**ARIANA GRANDE, et al.,**

          **Defendants.**

## ORDER DISMISSING CASE

ON THIS DATE, came on to be considered the papers and pleadings filed in this action and the Court finds and orders as follows:

Plaintiff Gabriel Paul Salas, an inmate confined in the Tarrant County Jail in Fort Worth, Texas, filed this action pursuant to 42 U.S.C. § 1983. Compl., ECF No. 1. Plaintiff seeks leave to proceed *in forma pauperis* under the provisions of 28 U.S.C. § 1915. ECF No. 2. Defendants are celebrity Ariana Grande, and Tarrant County Correctional Officers Perez and Sanchez. Compl.1, ECF No. 1.

Plaintiff alleges Grande "sent a letter to inmates/officer instagram message to assault Plaintiff," and he alleges the officers [employed] "maced pepper spray, military assault weapon" and "violated Plaintiff's [Eighth] Amendment [against] cruel  and unusual punishment." Compl. 3, ECF No. 1. Plaintiff seeks, in part, monetary damages. *Id.* at 5.

28 U.S.C. § 1915(g) provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment
> in a civil action or proceeding under this section if the prisoner has,
> on 3 or more prior occasions, while incarcerated or detained in any
> facility, brought an action or appeal in a court of the United States

---

1. Because Plaintiff has filed suits in this Court under other names, the clerk of Court is directed to add "aka Gabriel Salas and Gabriel Salascio" to the listing of Plaintiff on the docket.

that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The records of this Court show that Plaintiff has filed numerous cases in this Court under the names Gabriel Salas, Gabriel Paul Salas, and Gabriel Salascio. At least three of Plaintiff's prior civil cases, filed under the these names while he was incarcerated, have been dismissed as frivolous. *See Salas v. Haspel*, No.4:19-cv-500-A (N.D. Tex. June 28, 2019) (order dismissing claims under 28 U.S.C. § 1915A(b)(1)); *Salas v. Haspel*, No.4:19-cv-380-O (N.D. Tex. May 21, 2019) (order dismissing under 28 U.S.C. § 1915(e)(2)(B)(i)); *Salas v. Alvarez*, No.4:15-cv-341-A (N.D. Tex. June 30, 2015) (order dismissing claims under 28 U.S.C. § 1915A(b)); *see also Salas v. Wilson*, No. 4:20-cv-012-P (N.D. Tex. January 27, 2021) (listing the prior cases dismissed as frivolous, rejecting claims that Plaintiff was then under imminent danger of physical injury, and thus finding Salas barred from proceeding in forma pauperis); *Salas v. Favors*, No. 22-CV-148-O (N.D. Tex. March 16, 2022) (same).

Review of the complaint filed in the instant case reflects that Salas has failed to present any allegation that could establish he is under imminent danger of serious physical injury. Compl. 5, ECF No. 1. As a result, the Court finds that Plaintiff is barred from proceeding IFP in this case under 28 U.S.C. § 1915(g).[2]

For the foregoing reasons, this case is **DISMISSED** as barred by the three strikes provision of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 388 (5th Cir. 1996). This dismissal is without prejudice to Plaintiff's right to reopen the case if he pays the $402.00 filing and administrative fees [3] and files a motion to reopen within thirty days of the date of this order.

---

[2]. In another prior suit, Salas was denied the right to proceed in forma pauperis due to the three strikes, and because his substantive claims of having a chip implanted in his body were fantastic and delusional, the claims were also dismissed as frivolous. *See Salas v. Haspel*, No. 4:19-CV-1035-A (N.D. Tex. Dec, 18, 2019) (Order and Judgment).

[3]. In addition to the filing fee of $350, the District Court Miscellaneous Fee Schedule requires payment of an administrative fee of $52.00 for filing a civil action in district court. *See* 28 U.S.C.§ 1914(a) and District Court Miscellaneous Fee Schedule, note 14. This results in total fees of $402 for a civil action.

Plaintiff's motion for leave to proceed *in forma pauperis* (ECF No. 2) is **DENIED**.

**SO ORDERED** this **11th day** of **April, 2022.**


Mark T. Pittman
UNITED STATES DISTRICT JUDGE